IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-126-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TYREE DEMETRIUS McMILLAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for home confinement (DE 37), which the court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government did not respond to the motion and in this posture the issues raised are ripe for ruling.

**BACKGROUND**

On July 13, 2016, defendant pleaded guilty, pursuant to a written plea agreement, to three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence, in violation 18 U.S.C. § 924(c). On January 24, 2017, the court sentenced defendant to an aggregate custodial sentence of 100 months' imprisonment.

Defendant filed the instant motion for home confinement on May 15, 2020, raising concerns about his risk of contracting the communicable disease known as COVID-19 while incarcerated. Defendant filed memorandum in support of the motion on June 8, 2020. The government did not respond to the motion.

## COURT'S DISCUSSION

As noted, the court construes the instant motion for "home confinement"[1] as a motion for compassionate release. With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239.[2] The court may reduce defendant's term of imprisonment if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

Defendant fails to establish that extraordinary and compelling reasons justify release. Although defendant raises concerns about his risk of contracting COVID-19, he has not provided any evidence suggesting he suffers from an underlying medical condition that would place him at

---

[1] To the extent defendant seeks a court order directing the Federal Bureau of Prisons ("FBOP") to place him on home confinement, the court lacks jurisdiction to order such relief. See 18 U.S.C. § 3621(b) (providing the FBOP's designation of a place of imprisonment is "not reviewable by any court"); see also United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018). Defendant must seek home confinement by applying for it through the FBOP's administrative system.

[2] The government does not contest that defendant exhausted administrative remedies.

[3] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

2

risk of developing complications from COVID-19. And the presence of COVID-19 in the federal prison system is not standing alone sufficient to justify compassionate release. See United States v. Raia, 954 F3.d 594, 597 (3d Cir. 2020).

The court also finds that the § 3553(a) factors do not support compassionate release in light of defendant's participation in numerous violent robberies, and his use of a firearm during the offenses. (See Presentence Investigation Report (DE 21) ¶¶ 1-11). Although the court acknowledges that defendant has made inroads towards rehabilitation by participating in drug treatment and similar classes, and by maintaining clear conduct while incarcerated,[4] the court finds that defendant's post-sentencing conduct does not justify release at this time. The current sentence remains necessary to promote respect for the law, afford both specific and general deterrence to criminal conduct, and to reflect the seriousness of the offense conduct.

Based on the foregoing, defendant's motion for compassionate release (DE 37) is DENIED.

SO ORDERED, this the 10th day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[4] The court commends defendant for his record of achievement in custody, which is consistent with the court's expectations at the time of sentencing.

3